STATE, EX REL. SAM'L P. BRIGHAM, v. CITY OF SOUTH
OMAHA ET AL.

[FILED FEBRUARY 17, 1892.]

1. **Liquors:** APPLICATION FOR LICENSE: NOTICE MUST BE PUB-
LISHED CONTINUOUSLY. The applicant for a license to sell in-
toxicating drinks must cause a notice of his application to be
published at least two weeks in a newspaper published in the
county, having the largest circulation therein. This notice is to
be continued for two weeks. It is to be published in every is-
sue of the paper. If the paper is published daily, then the no-
tice must be published daily. If the paper is published weekly
then weekly publication will be sufficient.

2. ——: ——: THE OBJECT OF THE NOTICE is to give as wide
publicity as possible to the plaintiff's application so that if any
person knows of any violation of the license law by the appli-
cant, or any valid reason why license should not be granted to
him, he may come forward and make objection.

ERROR to the district court for Douglas county. Tried
below before DOANE, J.

*E. W. Simeral,* for plaintiff in error, cited: *State, ex rel.
Foster, v. Barton,* 27 Neb., 481, *State, ex rel. Weber, v.
Bays,* 31 Id., ˋ514; *Whitaker v. Beach,* 12 Kan., 493;
*State v. Collins,* 33 Id., 77; *Williams v. Williams,* Id., 149;
*Pelton v. Drummond,* 21 Neb., 492.

*David L. Cartan, contra,* cited: *Davis v. Huston,* 15
Neb., 28; *Brewer v. Springfield,* 97 Mass., 152; *Andrews
v. R.· Co.,* 14 Ind., 172.

MAXWELL, CH. J.

In August, 1891, the relator filed a petition for a *man-
damus* against the defendants, in the district court of Doug-
las county, as follows:ˎ

" Comes now the said plaintiff, the state of Nebraska, at

the relation of Samuel P. Brigham, and for cause of action against the said defendants alleges:

"1. That said relator, Samuel P. Brigham, is now, and for over a year last past has been, a resident, citizen, and voter of the city of South Omaha, Douglas county, Nebraska.

"2. Complainant further shows that the said city of South Omaha is a municipal corporation organized and existing and governed by the laws of the state of Nebraska for such purposes made and provided.

"3. That the said defendant William G. Sloan is the mayor of said city and the other defendants are the duly elected and qualified members of the city council of said city, and as such city council of the said city of South Omaha have power to license, regulate, and prohibit the sale, or the giving away of malt, spirituous, vinous, mixed, or fermented liquors within the limits of the said city of South Omaha.

"4. Plaintiff further shows to the court that on the 2d day of April, 1891, one Edward Burk duly made application to the said defendants for a license to sell liquor by filing with the city clerk of said city of South Omaha his petition therefor, signed as by law required, and that thereupon Edward Burk caused to be published in the Omaha *World-Herald,* a daily newspaper printed in said county, a notice of his the said Burk's application for said license.

"Plaintiff further states that said notice was published in said *World-Herald* on the 3d day of April, 1891, and also on the 10th day of April, 1891, and that there was no other or further publication in said newspaper of said notice; that said newspaper was at the time said notice was so published a daily paper issued every day and was issued every day between the 3d and the 10th days of April, 1891. * * *

"Plaintiff further shows to the court that on the 29th

day of April, and long prior to the granting of the said
license, said relator filed in the office of the city clerk of
said city a written remonstrance against the granting of
said license to said Edward Burk.     *     *     *

"Plaintiff further alleges that said city council never set
a day or time for the hearing of said remonstrance, but
did, notwithstanding the same, and on the 14th day of
May, 1891, grant and issue to said Edward Burk a license
to sell liquor as in said Edward Burk's petition prayed.
And immediately thereafter, and as soon as possible for
relator so to do, he gave notice to defendants of his inten-
tion to appeal said matter of the application of Edward
Burk for a license, his remonstrance thereto and the
granting and issuance thereof, to the district court of said
Douglas county, Nebraska, and your relator obtained and
filed a full and a complete transcript of the record and evi-
dence in said matter in the office of the clerk of the dis-
trict court of said Douglas county, Nebraska, on the 21st
day of May, 1891, thereby perfecting his said appeal of
said matter.   Immediately thereafter, and on the 21st day
of May, 1891, relator gave to said defendants a notice in
writing that he had perfected his said appeal and demanded
that said defendant as such city council aforesaid, recall,
cancel, and revoke the license of said Edward Burk pend-
ing the said appeal in the said district court of said Douglas
county, Nebraska.   Defendants refused, and still refuse, to
cancel, revoke, or recall said license pending said appeal.

"5. Relator further shows to the court that he is with-
out adequate remedy at law in the premises.

"Wherefore your relator prays that he have a writ of
*mandamus* to compel the said defendants, the mayor and
city council of the said city of South Omaha, to cancel, re-
voke, and recall said license so as aforesaid granted and
issued to said Edward Burk, and until the hearing of the
said appeal so as aforesaid made and perfected by said re-
lator, or show cause if any there be why said writ should

not be granted, and that such other order may be made in the premises as may be just and equitable."

An answer was filed to this petition which need not be noticed.

The case was submitted to the court on the following stipulation of facts:

"It is hereby stipulated and agreed by and between the parties, that the within entitled cause may be submitted to the court on the following agreed state of facts:

"The first, second, and third paragraphs in relator's petition are admitted.

"The application of one Ed. Burk to the defendants for a liquor license in form as required by law on the 2d day of April, 1891, is admitted.

"The publication of such notice of application is admitted by Burk, in the Omaha *World-Herald* on the 3d and 10th days of April, 1891, and at no other times, and the publication of said *World-Herald* as a daily paper, on every day between the 3d and 10th days of April, 1891, is admitted as in relator's petition alleged. The proof of said publication is admitted.

"It is admitted that relator filed a protest against the granting of a license to said Burk, on the grounds that the notice given by publication as aforesaid was not sufficient, in so much as it was not published every day for two weeks.

"It is admitted that the city council did set a time for the hearing of the remonstrance so filed, and that on the day so fixed, no testimony was offered on either side, and that on the 14th day of May, 1891, a license was issued to Burk which the defendants refused to revoke, recall or cancel, notwithstanding the relators demands that they do so.

"The filing of a transcript of the records of the city council in the matter of said Burk in the district court of Douglas county, Nebraska, and that said record is com-

pleted by an affidavit of the assistant of the city clerk, filed by defendants in this cause is admitted.

"It is agreed by and between the parties that the sufficiency of Burk's publication of notice is the only point on which the adjudication of the court is required.

"The relator's want of an adequate remedy at law is admitted."

Section 2, chapter 50, Compiled Statutes, reads as follows:

"No action shall be taken upon said application until at least two weeks' notice of the filing of the same has been given by publication in a newspaper published in said county having the largest circulation therein, or, if no newspaper is published in said county, by posting written or printed notices of said application in five of the most public places in the town, precinct, village, or city in which the business is to be conducted, when, if there be no objections in writing made and filed to the issuance of said license, and the county board is in session and all other provisions of this chapter have been fully complied with, it may be granted."

"Sec. 3. If there be any objection, protest, or remonstrance filed in the office where the application is made, against the issuance of said license, the county board shall appoint a day for hearing of said case, and if it shall be satisfactorily proven that the applicant for license has been guilty of the violation of any of the provisions of this act within the space of one year, or if any former license shall have been revoked for any misdemeanor against the laws of this state, then the board shall refuse to issue such license.

"Sec. 4. On the hearing of any case arising under the provisions of the last two sections, any party interested shall have process to compel the attendance of witnesses, who shall have the same compensation as now provided by law in the district court, to be paid by the party calling

said witnesses. The testimony on said hearing shall be reduced to writing and filed in the office of application, and if any party feels himself aggrieved by the decision in said case he may appeal therefrom to the district court, and said testimony shall be transmitted to said district court and such appeal shall be decided by the judge of such court upon said evidence alone."

It will be observed that publication of the application is to be made for at least two weeks in the newspaper published in said county having the largest circulation therein. The object of the publication is to give the widest possible publicity to the application in order that those who consider the applicant an unfit person to conduct a saloon may have an opportunity to remonstrate against the issuing of license. The petition must set forth that the applicant is a person of respectable character and standing and a resident of the state. A liquor seller is forbidden to sell or furnish liquor to any minor, apprentice, or servant under twenty-one years of age, or to an Indian, insane person, or a drunkard. He must also keep his place of business closed on Sundays and on the day of any general or special election.

There are other provisions which it is not necessary to notice. If the applicant has been guilty of any violation of any of the provisions of the act within the space of a year before making the application, or if any former license has been revoked, for any misdemeanor against the laws of the state, then the board " shall refuse to issue license."

The statute recognizes the fact that the traffic in intoxicating liquors is an evil, and that is is necessary to regulate and control the same. To place the traffic in the hands of respectable persons the law requires the applicant to publish a notice for two weeks in the newspaper published in the county having the largest circulation therein, that he has applied for license for the ensuing year. The ob-

59

ject of this notice is to apprise every resident of the county of the application, so that if any person knows of any violation of the law by the applicant, he may come forward and remonstrate against the issuing of license. This notice is to have as wide publicity as possible. It is to be published two weeks, not weekly, unless the paper having the largest circulation in the county is published weekly. Where such paper is published daily, then the notice is to be published as often as the paper is, viz., daily; It is a notice to be published two weeks. That we understand requires a continuous publication, viz., in every issue of the paper. As the notice in this case was not published for two weeks, it follows that the court below erred in rendering judgment for the defendants. The judgment of the court below is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.